# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

STANLEY BEDFORD,

        Plaintiff,

vs.                                                                 Civ. No. 16-1210 JCH/GJF

DR. WALDON,

        Defendant.

## <u>ORDER TO SHOW CAUSE</u>

THIS MATTER is before the Court under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Stanley Bedford on November 3, 2016. ECF No. 1. It appears on the face of the Complaint and the record that Bedford's claims are barred by the applicable state of limitations. Therefore, the Court will order Bedford to show cause why the Complaint should not be dismissed as untimely.

Bedford's Complaint is for civil rights violations under 42 U.S.C. § 1983. Compl., ECF No. 1 at 3. Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012).

The applicable statute of limitations for Bedford's claims under § 1983 is the three-year statute of limitations of § 37-1-8. A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). In this case, it appears on the face of the Complaint that the event giving rise to Bedford's claim occurred, and his civil rights cause of action accrued, more than three years prior to filing of the Complaint.

Bedford's Complaint alleges claims arising out of sexual assault by healthcare provider Dr. Waldon in violation of Bedford's constitutional rights. Compl. at 3-5. Bedford specifically alleges that the event giving rise to his claims took place on or about "7-10-2010." *Id.* at 5. Bedford's Complaint was not filed until November 3, 2016, more than six years after the event underlying his claims. Bedford's Complaint appears to be barred by the three-year statute of limitations of § 37-1-8. Therefore, the Court will order Bedford to show cause why the Complaint should not be dismissed as time-barred, including addressing any arguments that Bedford may have for tolling of the statute of limitations, within thirty (30) days of entry of this Order to Show Cause.

**IT IS ORDERED** that Plaintiff Richard Bedford shall, within thirty (30) days of entry of this Order, show cause why his Complaint for Violation of Civil Rights should not be dismissed as untimely under N.M. STAT. ANN. § 37-1-8 (1978).

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE