# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

STANLEY BEDFORD,

      Plaintiff,

vs.                                                   No. CV 16-1210 JCH/GJF

DR. WALDON,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) on the Complaint for Violation of Civil Rights filed by Plaintiff Stanley Bedford on November 3, 2016 ("Complaint"). (Doc. 1). It appears on the face of the Complaint and the record that Bedford's claims are barred by the applicable state of limitations. Therefore, the Court will dismiss the Complaint as untimely.

Plaintiff Stanley Bedford filed his Complaint under 42 U.S.C. § 1983 on November 3, 2016. (Doc. 1). In his Complaint, Bedford claims that he was improperly touched by a Guadalupe County Correctional Facility doctor, Waldon, on July 10, 2010. (Doc. 1 at 4-5). Bedford seeks to be awarded both compensatory and punitive damages. (Doc. 1 at 5). On November 5, 2017, the Court entered an Order to Show Cause. (Doc. 7). In its Order, the Court notified Bedford that his Complaint appeared to be time-barred by the three-year statute of limitations of N.M.Stat.Ann. § 37-1-8 (1978). The Court ordered Bedford to show cause, within thirty (30) days, why the Complaint should not be dismissed as untimely. (Doc. 7). Bedford has not shown cause or otherwise responded to the Court's November 7, 2017 Order.

Plaintiff Bedford, is proceeding pro se and *in forma pauperis.* (Doc. 4). The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 555.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. "The authority to 'pierce the veil of the complaint's factual allegations' means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials

filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

Bedford's Complaint is for civil rights violations under 42 U.S.C. § 1983. (Doc. 1 at 3). Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012).

The applicable statute of limitations for Bedford's claims under § 1983 is the three-year statute of limitations of § 37-1-8. A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). Dismissal on the grounds that the complaint is facially time-barred properly proceeds

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001).

In this case, it appears on the face of the Complaint that the event giving rise to Bedford's claim occurred, and his civil rights cause of action accrued, more than three years prior to filing of the Complaint. Bedford's Complaint alleges claims arising out of sexual assault by healthcare provider Dr. Waldon in violation of Bedford's constitutional rights. (Doc. 1 at 3-5). Bedford specifically alleges that the event giving rise to his claims took place on or about "7-10-2010." (Doc. 1 at 5). Bedford's Complaint was not filed until November 3, 2016, more than six years after the event underlying his claims.

The Court gave notice to Plaintiff Bedford on November 5, 2017, that his claims appear to be barred by the applicable statute of limitations. The Court ordered Bedford to show cause, within thirty (30) days why the Complaint should not be dismissed as untimely. (Doc. 7). Bedford has not responded to the Court's November 5, 2017 Order to Show Cause. Bedford's Complaint fails to state a claim for relief because, on its face, it is barred by the three-year statute of limitations of § 37-1-8. The Court will dismiss the Complaint as untimely. *Jones v. Bock*, 549 U.S. at 214-15; *Aguilera v. Kirkpatrick,* 241 F.3d at 1290; *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d at 1212.

The Court will also impose a "strike" under 28 U.S.C. § 1915(g). When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Because the Court concludes that Bedford's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Bedford is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), the Complaint for Violation of Civil Rights filed by Plaintiff Stanley Bedford on November 3, 2016 (Doc. 1) is **DISMISSED** with prejudice as time-barred by N.M.Stat.Ann. § 37-1-8 (1978); and

(2) a **STRIKE** is imposed against Plaintiff Bedford under 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT JUDGE